TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ANTONY CRESPO CRUZ<br><br>Apelante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>Apelado | TA2025AP00070 | Apelación procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso Núm.: CA2023CV03515<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 30 de septiembre de 2025.

El señor Antony Crespo Cruz (señor Crespo o apelante) nos solicita que revisemos la *Sentencia Sumaria* que emitió el Tribunal de Primer Instancia, Sala Superior de Carolina (TPI), el 14 de mayo de 2025. Mediante esta, el referido foro declaró "Ha lugar" la *Solicitud de Sentencia Sumaria* presentada por parte de la Universidad Ana G. Méndez y Universal Insurance Company (en conjunto, apelados).

Por los fundamentos que expondremos a continuación, se *confirma* la sentencia apelada.

### I.

El 1 de noviembre de 2023, el señor Crespo presentó una *Demanda* por daños y perjuicios, en la cual reclamó compensación por las lesiones sufridas a raíz de una caída ocurrida frente a las instalaciones de la Universidad del Este, actualmente conocida como la Universidad Ana G. Méndez, propiedad del Sistema Universitario Ana G. Méndez y su aseguradora Universal

Insurance Company.[1] De igual manera, incluyeron como codemandados al Municipio Autónomo de Carolina y al Estado Libre Asociado de Puerto Rico (ELA), así como a otras entidades desconocidas al momento de la presentación de la demanda. No obstante, posteriormente, se desestimó sin perjuicio la causa de acción en contra del referido Municipio y el ELA por estos no haber sido emplazados en el término establecido por ley.[2]

En lo particular, en la *Demanda* se alegó que, el 9 de noviembre de 2022, el señor Antony Crespo Cruz transitaba a pie por la acera ubicada en la carretera PR-190, frente a la Universidad Ana G. Méndez. Al llegar a la altura del kilómetro 1.8, resbaló debido a la presencia de grama, limo y agua empozada que cubrían la superficie de la acera en el área antes mencionada. A raíz de este accidente, el apelante sufrió traumas en varias áreas de su cuerpo, incluyendo, pero no limitándose a su cuello, espalda media, espalda baja y rodillas.

Por su parte, el 21 de marzo de 2024, Universal Insurance Company presentó su *Contestación a la Demanda*, en la cual negó tener control, jurisdicción o responsabilidad alguna sobre el mantenimiento de la acera donde ocurrió la caída sufrida por el apelante.[3]

Como parte del proceso de descubrimiento de prueba, el 17 de julio de 2024, el señor Crespo notificó a Universal Insurance Company su parte del Informe para el Manejo de Caso, en el cual incluyó las fechas sugeridas para la celebración de las deposiciones, toda la prueba documental en su poder y el *Primer*

---

[1] Entrada #1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).
[2] Véase, Entradas #11 y #20 del SUMAC TPI.
[3] Entrada #7 del SUMAC TPI.

*Pliego de Interrogatorios y Solicitud de Producción de Documentos.*

Luego de varios trámites procesales, el 31 de marzo de 2025, Universal Insurance Company, presentó una *Moción de Sentencia Sumaria*.[4] En dicha moción, reiteró su alegación de que no tenía jurisdicción, control ni responsabilidad alguna sobre el mantenimiento del área donde ocurrió el accidente objeto de este litigio.

Así las cosas, el 8 de abril de 2025 se celebró la *Vista sobre el Estado de los Procedimientos*.[5] En el curso de esta, se acordó que la deposición del Gerente de Planta Física de la Universidad Ana G. Méndez se llevaría a cabo el 6 de junio de 2025. Asimismo, se calendarizó una segunda Vista sobre el Estado de los Procedimientos para el 26 de junio de 2025.

El 12 de mayo de 2025, el apelante formuló oportunamente su *Oposición a la Moción de Sentencia Sumaria*.[6] En la misma, sostuvo que la Universidad Ana G. Méndez tenía jurisdicción, control y responsabilidad sobre el mantenimiento del área donde ocurrió el accidente. Asimismo, sostuvo que la moción era improcedente, ya que se presentó de forma prematura, sin haberse completado todas las fases del descubrimiento de prueba. En particular, el apelante indicó que la deposición pendiente del señor Oscar Muñiz Nieves era fundamental para establecer que la referida institución tiene control del lugar donde ocurrió el accidente. Añadió, que estos hacen de la vía de acceso a sus instalaciones, lo cual redunda en un beneficio económico directo para la institución haciéndola corresponsable del

---

[4] Entrada #42 del SUMAC TPI.
[5] Entrada #44 del SUMAC TPI.
[6] Entrada #48 del SUMAC TPI.

mantenimiento del área donde ocurrió la caída objeto del presente litigio.

Examinados ambos escritos, el TPI dictó *Sentencia Sumaria* mediante la cual declaró "Ha lugar" la *Moción de Sentencia Sumaria* presentada por los apelados. En su determinación, el foro primario concluyó que el señor Crespo no presentó prueba suficiente para refutar las alegaciones de los apelados, ni logró controvertir de manera efectiva que el área donde ocurrió el alegado incidente perteneciera o estuviese bajo el control de la referida institución. En consecuencia, el TPI dictó *Sentencia Sumaria* sin perjuicio a favor de la Universidad Ana G. Méndez y Universal Insurance Company.

En respuesta, el 22 de mayo de 2025, Universal Insurance Company, presentó una *Solicitud de Enmienda Nunc Pro Tunc,* en la que se solicitaba que el caso fuera archivado con perjuicio.[7] El 28 de mayo de 2025, el apelante presentó oportunamente su *Moción de Reconsideración*.[8] En dicho escrito, solicitó al foro primario que reconsiderara su determinación de resolver el caso mediante la vía sumaria, toda vez que aún quedaban pendientes etapas esenciales del descubrimiento de prueba, particularmente la deposición del Gerente de Planta Física.

Por su parte, los apelados presentaron su escrito de *Oposición a la Moción de Reconsideración*, en el cual reafirmaron su argumento de que la Universidad Ana G. Méndez no tiene control, jurisdicción ni responsabilidad de mantenimiento sobre el área de la acera objeto de este litigio.

---

[7] Entrada #50 del SUMAC TPI.
[8] Entrada #51 del SUMAC TPI.

Así pues, el TPI declaró "No Ha Lugar" la *Moción de Reconsideración* presentada por el apelante.[9] Igualmente, el foro primario emitió una *Orden* mediante la cual declaró "No Ha Lugar" la *Solicitud de Enmienda Nunc Pro Tunc* presentada por Universal Insurance Company.

Inconforme con el proceder del TPI, el señor Crespo presentó recurso de *Apelación* en el cual alegó los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGARLE A LA PARTE DEMANDANTE SU DERECHO A COMPLETAR EL DESCUBRIMIENTO DE PRUEBA SOBRE LOS MÉRITOS DEL CASO, EL CUAL FUE ACORDADO ENTRE LAS PARTES Y AVALADO POR EL PROPIO TRIBUNAL.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR SENTENCIA SUMARIA, A PESAR DE LA EXISTENCIA DE UNA CONTROVERSIA GENUINA RESPECTO AL CONTROL Y MANTENIMIENTO DEL ÁREA DONDE OCURRIÓ EL ACCIDENTE.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR SENTENCIA SUMARIA SIN DESGLOSAR LOS HECHOS NO CONTROVERTIDOS, SEGÚN LO EXIGE LA REGLA 36.3 DE PROCEDIMIENTO CIVIL.

**II.**

**A.**

Es norma reiterada que nuestro ordenamiento procesal civil reconoce el uso y valor del mecanismo de la sentencia sumaria como vehículo para asegurar la solución justa, rápida y económica de aquellos litigios de naturaleza civil en los que no existe una controversia genuina en torno a los hechos materiales que componen la causa de acción que se contempla. Coop. Seguros Múltiples v. ELA et al., 2025 TSPR 78, 216 DPR ___ (2025); Soto y otros v. Sky Caterers, 2025 TSPR 3, 215 DPR ___ (2025); Universal Company y otros v. ELA, 211 DPR

---

[9] Entrada #54 del SUMAC TPI.

455, 472 (2023); Roldán Flores v. M. Cuebas, Inc., 199 DPR 664, 672 (2018); Rodríguez Méndez v. Laser Eye, 195 DPR 769, 785 (2016); Meléndez González et al. v. M. Cuebas, 193 DPR 100, 109 (2015); SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 430 (2013); Ramos Pérez v. Univisión, 178 DPR 200, 213 (2010).

Tal herramienta posibilita la pronta resolución de una controversia cuando no se requiera la celebración de un juicio en su fondo. Ahora bien, para que proceda este mecanismo es necesario que, de los documentos no controvertidos, surja de que no hay una controversia real y sustancial sobre los hechos materiales del caso. Coop. Seguros Múltiples v. ELA et al., *supra*; Universal Company y otros v. ELA, *supra*; Ramos Pérez v. Univisión, *supra*, pág. 214.

La Regla 36.1 de Procedimiento Civil, establece que "una parte que solicite un remedio podrá, presentar una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada." 32 LPRA Ap. V, R. 36.1. Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. Universal Company y otros v. ELA, *supra*; Meléndez González et al. v M. Cuebas, *supra*; Ramos Pérez v. Univisión, *supra*, pág. 213.

Así pues, para adjudicar en los méritos una controversia de forma sumaria, es necesario que, de las alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas y de cualquier otra evidencia ofrecida, surja

de que no existe controversia real y sustancial en cuanto a algún hecho material y que, como cuestión de derecho, procede dictar sentencia sumaria a favor de la parte promovente. Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V.; Coop. Seguros Múltiples v. ELA et al., *supra*; Pérez Vargas v. Office Depot, 203 DPR 687, 698 (2019).

La parte promovida, por su parte, deberá presentar una oposición a la solicitud de sentencia sumaria debidamente fundamentada. Rodríguez Méndez v. Laser Eye, 195 DPR 769, 787 (2016). No podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que deberá contestar en forma detallada y específica, como lo hiciera la parte solicitante. BPPR v. Zorrilla Posada y Otro, 2024 TSPR 62, 214 DPR __ 10 (2024); Bobé et al. v. UBS Financial Services, 198 DPR 6, 21 (2017).

La omisión en presentar evidencia que rebata aquella presentada por el promovente, no necesariamente implica que procede dictar sentencia sumaria de forma automática. Mun. de Añasco v. ASES et al., 188 DPR 307, 327 (2013); Córdova Dexter v. Sucn. Ferraiuoli, 182 DPR 541, 556 (2011); González Aristud v. Hosp. Pavía, 168 DPR 127, 138 (2006). Solo procede dictar sentencia sumaria cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el Derecho aplicable, y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia. Meléndez González et al. v. M. Cuebas, *supra*, pág. 109.

Si el cúmulo de la evidencia demuestra que en efecto no hay controversia sustancial respecto a algún hecho esencial y pertinente, el tribunal deberá dictar sentencia sumaria, si procede

como cuestión de derecho. Esto es, si el derecho así lo justifica. Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3; Universal Company y otros v. ELA, *supra;* Oriental Bank v. Perapi et al., 192 DPR 7, 25 (2014).

En cuanto a la sentencia sumaria por insuficiencia de la prueba, esta modalidad se adoptó de la esfera federal. Rodríguez Méndez v. Laser Eye, 195 DPR 769, 786 (2016); Medina v. M.S. & D. Química P.R., Inc., 135 DPR 716, 731 (1994). Esta procede cuando la parte demandante no cuenta con evidencia suficiente para probar su caso y requiere del promovente establecer que: (1) el juicio en su fondo es innecesario; (2) el demandante no cuenta con evidencia suficiente para probar algún hecho esencial a su reclamación, y (3) como cuestión de derecho, procede la desestimación de la reclamación. Rodríguez Méndez v. Laser Eye, *supra*, pág. 786.

Ahora bien, para disponer del pleito mediante una solicitud de sentencia sumaria por ausencia de prueba es indispensable que se le haya brindado a la parte promovida amplia oportunidad para realizar un descubrimiento de prueba adecuado y debe quedar demostrado que, una vez este concluye, la prueba descubierta no satisface los elementos necesarios para establecer su causa de acción. Rodríguez Méndez v. Laser Eye, *supra*, pág. 787. Así pues, consumado un descubrimiento de prueba adecuado, la parte promovida deberá presentar una oposición a la solicitud de sentencia sumaria debidamente fundamentada. Íd.

Cónsono con lo anterior, para derrotar una moción de sentencia sumaria por insuficiencia de prueba, la parte promovida debe, entre otras cosas, presentar con su oposición una prueba admisible en evidencia o que dé lugar a prueba

admisible. De manera que, este debe demostrar que existe evidencia para probar los elementos esenciales de su caso, o que hay prueba en el récord que puede convertirse en admisible y que derrotaría la contención de insuficiencia del promovente. Pérez v. El Vocero de P.R., 149 DPR 427, 449 (1999); Medina v. M.S. & D. Química P.R., Inc., *supra*, pág. 733.

A la modalidad de sentencia sumaria por insuficiencia de la prueba le aplican todas las normas y principios que tradicionalmente hemos indicado deben utilizarse por los tribunales al entender en una moción de sentencia sumaria. Por lo tanto, cuando existe duda sobre si hay o no prueba suficiente o si hay una controversia de hecho, esta duda debe resolverse en favor de la parte promovida. Medina v. M.S. & D. Química P.R., Inc., *supra*, pág. 734. Sólo debe concederse la moción de sentencia sumaria desestimando una reclamación cuando el promovente ha establecido su derecho con claridad y ha quedado demostrado que la otra parte no tiene derecho a recobrar bajo cualquier circunstancia que resulte discernible de la prueba. En cuanto a los documentos que se presenten, éstos deben verse de la forma más favorable para la parte promovida, concediéndole a ésta el beneficio de toda inferencia razonable que se pueda derivar de ellos. Medina v. M.S. & D. Química P.R., Inc., *supra*, pág. 734.

A tenor con lo anterior, al revisar una determinación de primera instancia, sobre una solicitud de sentencia sumaria, como foro intermedio podemos: (1) considerar los documentos que se presentaron ante el foro primario, (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) determinar si el derecho se aplicó de forma correcta. Segarra Rivera v. Int'l Shipping, et al., 208 DPR 964, 981

(2022); Meléndez González et al. v. M. Cuebas, *supra*, pág. 114. Así pues, el Tribunal de Apelaciones se encuentra en la misma posición del Tribunal de Primera Instancia al momento de revisar Solicitudes de Sentencia Sumaria. Esta revisión es una *de novo*. Coop. Seguros Múltiples v. ELA et al., *supra*; Consejo Tit. v. Rocca Dev. Corp. et als., 2025 TSPR 6, 215 DPR __ (2025); Soto y otros v. Sky Caterers, *supra*; Meléndez González et al. v. M. Cuebas, *supra*, pág. 116.

A su vez, el Tribunal Supremo ha destacado que no es recomendable utilizar la moción de sentencia sumaria en aquellos casos donde exista controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia; incluso, cuando el factor de credibilidad es esencial y está en disputa. Soto y otros v. Sky Caterers, *supra;* Ramos Pérez v. Univisión*, supra*, pág. 219.

**B.**

El Art. 1536 del Código Civil de 2020, 31 LPRA sec. 10801, rige lo atinente a la responsabilidad civil extracontractual y dispone que toda persona que por culpa o negligencia cause daño a otra está obligada a reparar el daño causado. En cuanto a esta norma, es norma reiterada que solamente procede la reparación de un daño cuando se demuestren los siguientes elementos indispensables: (1) el acto u omisión culposa o negligente; (2) la relación causal entre el acto u omisión culposa o negligente y el daño ocasionado, y (3) el daño real causado al reclamante. Inmob. Baleares *et al*. *v*. Benabe *et al*., 214 DPR 1109, 1125 (2024); Sucn. Mena Pamias et al. v. Jiménez et al., 212 DPR 758, 768 (2023); Nieves Díaz v. González Massas, 178 DPR 820, 843 (2010).

En los casos de daños y perjuicios, el demandante tiene que probar por preponderancia de la evidencia que el daño ocurrido se debió con mayores probabilidades a la negligencia que el demandante imputa. Rodríguez Crespo v. Hernández, 121 DPR 639, 650 (1988). A esos efectos, la Regla 110 de las Reglas de Evidencia de Puerto Rico, 32 LPRA Ap. VI, dispone que:

> La juzgadora o el juzgador de hechos deberá evaluar la evidencia presentada con el propósito de determinar cuáles hechos han quedado establecidos o demostrados, con sujeción a los principios siguientes:
>
> . . . . . . . .
>
> (F) En los casos civiles, la decisión de la juzgadora o del juzgador se hará mediante la preponderancia de la prueba a base de criterios de probabilidad, a menos que exista disposición, al contrario.

### III.

El apelante alega que erró el TPI al denegarle su derecho a completar el descubrimiento de prueba sobre los méritos de su caso. A su vez, aduce que el referido foro incidió al emitir sentencia sumaria, pese a que existía controversia respecto al control y mantenimiento del área donde ocurrió el accidente. Por último, este sostiene que erró el TPI al no desglosar los hechos no controvertidos, en incumplimiento con la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V.

De los hechos aquí reseñados surge que, el señor Crespo presentó una *Demanda* de daños y perjuicios debido a una alegada caída que tuvo en una acera ubicada en la carretera PR-190, frente a la Universidad Ana G. Méndez. En adición a los aquí apelados, el apelante demandó al Municipio de Carolina y al ELA, pero dado a que no fueron emplazados en el término establecido, se desestimó el pleito contra estos. Ante este infortunio, para que el señor Crespo prevaleciera en su pleito, lo que le quedaba era demostrar que la acera le pertenecía a la Universidad Ana G.

Méndez y/o que el agua empozada que provocó la alegada caída del apelante se debió a la culpa o negligencia de dicha institución.

Siendo así, como parte del descubrimiento de prueba, el apelante había pautado hacerle una deposición al Gerente de Planta Física de la Universidad Ana G. Méndez, el señor Oscar Muñiz Nieves. Entiéndase, que este sería la persona que aclararía si la referida institución era responsable de la acera y/o del agua empozada en esta. Sin haber celebrado la referida deposición, los apelados presentaron una *Moción de Sentencia Sumaria* a la que se acompañó una Declaración Jurada del señor Oscar Muñiz Nieves. En esta declaración, este sostuvo que la Universidad Ana G. Méndez no poseía control, jurisdicción ni mantenimiento de la acera. Añadió, que en la referida institución no se encontraba tubo de agua alguno que causara que la acera estuviera con "grama y/o limo y/o agua". Más bien, este aclaró que la custodia, control y mantenimiento de la acera es del Departamento de Transportación y Obras Públicas. Tal razonamiento no nos parece descabellado o incoherente a la realidad de que las aceras en Puerto Rico le pertenecen al organismo público. Por tanto, entendemos que la *Declaración Jurada* del Gerente de Planta Física de la referida institución es más que suficiente para probar que estos no son responsables de la acera y/o del agua empozada que se encontraba en esta.

De lo anterior, el apelante no ofreció prueba para refutar lo indicado por el Gerente de Planta Física de la Universidad Ana G. Méndez. Así como, tampoco, de que el área donde ocurrió el alegado incidente pertenece a dicha institución. Además, en lo particular a este caso no vemos controversia que el TPI resolviera mediante dictamen sumario sin desglosar los hechos no controvertidos. Por tanto, resolvemos que el foro primario no

incidió al declarar con lugar la moción de sentencia sumaria de los apelados, al no haber una controversia real y sustancial respecto a los hechos esenciales y pertinentes al caso.

## IV.

Por las razones aquí expresadas, se *confirma* la sentencia aquí apelada.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones